Mr. Chief Justice Sharkey
delivered the opinion of the court.
The defendant in error instituted this suit, in the circuit court of Wilkinson county, on an injunction bond. The defendant below craved oyer of the bond and condition, and demurred, and the demurrer was overruled. The defendant again craved oyer and set out the bond and condition, and pleaded performance generally. The plaintiff replied, and set out a single breach in the replication, and the defendant again demurred to the breach, which was overruled, and this is assigned as error. The plaintiff obtained a verdict and judgment, and a bill of exceptions was taken to the introduction of evidence.
I think all the material points in the case, will properly come pp under the demurrer to the replication. If the replication and breach were good, the evidence introduced was proper in support of them. In order to determine the sufficiency of the breach, we must have recourse to the condition of the bond, because the breach must correspond with the condition as set out, or be supported by an averment not inconsistent with the condition. The condition is in the following words: “ The condition of the above obligation is such, that whereas, at a circuit court of law, held in and for the county of Wilkinson, on the first Monday in November, in the year of our Lord one thousand eight hundred and twenty-two, the above named C. Howell — (then a blank,) — and whereas, the said Sophia Gildart hath prayed for, and obtained an injunction to stay the proceedings upon the said judgment at law, until the same shall be heard in equity. Now if the said Sophia Gildart shall prosecute her said injunction to effect, or in case the same be dissolved, they shall pay and satisfy the said judgment at law,” &c.
The replication is, that the injunction was dissolved; and that the said Sophia did not pay and satisfy the judgment at law, being, as the plaintiff avers, “ a judgment of Isaac M. Davis, for the use of said Howell against said Sophia, for the sum of two thousand five hundred and sixty dollars, and sixty-five cents, in the *203 superior court of Wilkinson county, had, at the May term thereof, 1820, on the 8th day of May in said year.” There is an obscurity in the bond in some respects which requires explanation, but it appears too much to bring it - within the rule in regard to latent ambiguities, as we find it in 3 Starkie on Evidence, 1000.
It appears affirmatively that it is an injunction bond, and it appears that the judgment at law nrnst .have been in favor of C. Howell, for the bond is made payable to him and his name alone is used in the recital, and in direct connection with something that must have taken place in the circuit court of Wilkinson county at the November term, 1822, and by the subsequent part of the bond a reference is made to a judgment at law, by the use of the term “ said judgment,” leaving no room for any other conclusion than that a judgment of that term in favor of Howell was intended. In endeavoring to arrive at the intention of the contracting parties, when it is doubtful, a due regard must be paid to what they have said or written, and if possible the deficiency must conform to the intention expressed. If the bond had not specified any term of a court of law in connection with a judgment, but had merely recited that a judgment at law had been recovered against one of the obligors, it would probably have been such a latent ambiguity as might be supplied by parol, for the purpose of making the proper application of it; but the term of the court is mentioned, and a judgment, and I do not think that parol evidence could be received to show a judgment at a different time, and a party will not be permitted to make a material averment which he is not allowed to prove; although there may be a patent defect, parol evidence could not control it. There can be no question but what the bond, as it stands, would not justify the breach assigned unless it can be 'aided. The plaintiff below has averred that the breach occurred in consequence of the non-payment of a judgment recovered at May term, 1820, and it was said in argument that parol proof was admissible to fill up the blank. Suppose the blank could be now filled up, (and of course if the plaintiff below could have filled it he would have inserted the judgment mentioned in the breach,) and how would it stand? Reason would dictate that it should be so filled as to avoid an absurdity, and yet to insert words that would free it from such *204 an imputation would not make it answer the purpose. For the sake of illustration let us take the condition as far as it goes, and supply the blank with words appropriate to the breach, and it will read thus: “ The condition of the above obligation is such that whereas, at a circuit court of law held in and for the county of Wilkinson, on the first Monday in November, in the year of our Lord one thousand eight hundred and twenty two, the above named C. Howell at the May term, 1820, of the supreme court of Wilkinson county on the 8th day of May of that year, Isaac W. Davis, for the use of C. Howell, recovered judgment against said Sophia.” &c. I have endeavored to render it as intelligible as possible, and I think the addition increases the confusion, and would make the bond void for uncertainty. Nothing short of power to strike out, or reject part of the recital, could mould the condition into a form suitable to the breach. If it was competent for the plaintiff below to have shown that May term, 1S20, was intended instead of November term, 1822, and that Isaac W. Davis use of C. Howell against Sophia Gildart was the case meant, then his breach was well assigned; but such a showing, I think, is beyond the range of parol testimony. If a recovery can be effected on this bond in the present suit, certainly C. Howell may make it cover all the suits he ever had against the same parties.
By claving oyer and setting out the condition it became a part of the declaration, and any breach that did not go in support of it would amount to a dereliction of the ground of complaint, and be a departure on the part of the plaintiff. The only breach that could be assigned in an action on an injunction bond, would be the non-payment of the judgment enjoined, or the ^damages. It must be shown affirmatively that it was the identical judgment that had been injoined, otherwise it would amount to no breach. The breach in this instance is for the non-payment of a judgment of a different term of the court from that expressed in the bond, and, therefore, a departure. Amongst the numerous authorities cited, none seems to be so much in point as the case in 5 Harris and Johnson’s Reports, 64. It was there held that an injunction bond is only binding with reference to the judgment it recites, and in that instance it recited one of April term, 1801. It was deemed *205 insufficient to cover one rendered at September term, 1801. I think this canse depends mainly on the principles of pleading as they are laid down in the elementary books: Gould’s Pleading, 435; 1 Chitty’s Pleadings, 619. The case referred to from 2 Henning and Munford by the counsel for the defendant in error does not sustain the breach. Although there was a blank in the forthcoming bond, yet it was held good by intendment, enough having been expressed to show the intention of the parties; and it was said by Judge Henning that, when the meaning of the parties can be collected from the bond, it will be good. The other authorities cited in support of the breach appear to belong to the class of cases where parol evidence may be admitted in aid of latent ambiguities. The condition of the bond shows conclusively its object, and the recital contains matter that cannot be rejected or controlled, but must be taken in connection with the object of the bond, as identifying it with a judgment of the term and in favor of the parties expressed, and the averment in the breach that it was a judgment of a different term and in favor of different parties amounted to a departure for which the demurrer should have been sustained.*
The judgment must be reversed and cause remanded.

 The following note, taken from “ Select Reports” in the King’s Bench, contained in the American Jurist, Vol. i. No. 7, page 34, is thought to contain the law on the subject of ambiguities, and is inserted.
“ Jlmbiguitas verborum, latens verifications supphtur: nam quod ex facto oritur ambiguam verifications facti tollitur.” Bacon’s Max., 23.
In this short sentence is contained the whole law relative to the admission of parol evidence to explain, or rather to support a deed or other written instrument, and it would appear (at the same time that it lays down the case to he, that a latent ambiguity may be explained by parol) so plainly to indicate what is such a latent ambiguity, that it may well be matter of surprise that there should be so many eases in the hooks in which the question as to the admissibility of such evidence has arisen. The ambiguity here meant is evidently such as arises upon a statement of facts extrinsic of the deed itself, and which facts themselves can only be known by parol evidence; and what is admitted to explain the doubt which the statement of those facts, independent of the deed 'itself, raises as to the intention of the grantor. Thus, when a grant of an annuity was made out of the manor of S., and the grantor had two manors, called north S. and south S., parol evidence was held admissible to show which manor was meant. Harding v. Suffolk, 1 Ch. Rep. 138. So *206 if a man, having two manors called Dale, levy a fine of the manor of Dale without further circumstances, it may be given in evidence to prove which manor was intended; for this is not to contradict the record, but to support it. 1 Rolle’s Abr., 676, pl. 11. Onhhe deed itself in both these instances there was not any ambiguity whatever: the grant, in the one case, and the fine in the other, conveyed a manor called S. and the manor of Dale; the ambiguity arose from the fact that there were two manors of the same name; the evidence given went neither to alter, to contradict, nor to vary the deed itself, but merely to apply it, to point out the subject-matter of conveyance, and ut res magis valeat quam pereai, to do away with the uncertainty which the existence of that fact had created. And so where a testatrix devised her estate to J. C., and it appeared that there were father and son of the same name evidence was admitted to show that the son was meant. James v. Newman, 1 W. Black. 60, P. S. Cheyney’s case, 5 Co. 68; S. P. Cowrdon v. Clarke, Hob. 32.
And in Hampshire v. Pierce, 2 Ves. Sen., 216, where the testatrix gave 100/. to the four children of A, and A at the date of the will had six children, two by her first husband, and four by her second, evidence was admittted to prove, that, by the four children, she meant the four by her second husband. In all these cases, again the ambiguity arises, in the first three, from the fact of there being two persons of the same name, in the last from the fact of there being more than four children of A; and the evidence which was admitted went to apply the will, and to point out the party intended to be benefitted thereby. On the will itself there was no ambiguity apparent, and it was. only by reference to extrinsic circumstances that any uncertainty arose, and it was in order to give effect to the will, that it might not be void for the uncertainty thus created, that evidence was admissible. The same observation applies to the case where a mistake has been made in the name of the devisee and there is no one answering to the description as contained in the will. Beaumont v. Fell, 2 Peere Williams, 141. But where a testator devises an estate by a particular description, or to a person by a particular name, and there is an estate which answers that description, or a person of that particular name, collateral evidence is not admissible to show that the devisor meant to use the description in a more extended sense, and to comprehend estates which are not within the description, or that where he inserted that name some other name was intended to have been inserted. See Whitehead v. May, 2 Bos. & Pul. 593; Doe d. Chichester v. Oxender, 3 Fount. 147; Doe d. Browne v. Grenire, 3 M. & S. 171; Doe d. Furrell v. Lyford, 4 M. & S. 550; Doe d. Brown v. Brown, 11 East, 441; Delmare v. Robelle, 1 Ves. Jun., 412; and see per M. R. in Beaumont v. Fell.